NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOLLY ODD,<br><br>                    Plaintiff - Appellant,<br><br>    v.<br><br>DELTA AIR LINES, INC., a corporation and DELTA FAMILY-CARE DISABILITY AND SURVIVORSHIP PLAN, an ERISA plan,<br><br>                    Defendants - Appellees. | No.    19-55555<br><br>D.C. No. 2:18-cv-02523-WDK-MRW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
William D. Keller, District Judge, Presiding

Submitted June 5, 2020**
Pasadena, California

Before:  LEE and BUMATAY, Circuit Judges, and MOLLOY,*** District Judge.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Holly Odd appeals the district court's judgment in favor of the Delta Family-Care Disability and Survivorship Plan after a bench trial on her claim for wrongful denial of disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Plan's boilerplate list of information that Odd could submit on appeal following the denial of her claim for benefits did not comply with its procedural obligation to engage in "meaningful dialogue." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 680 (9th Cir. 2011). But even considering this deficiency, the Plan did not abuse its discretion in denying Odd's claim. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971–72 (9th Cir. 2006) (en banc). Four independent reviewers determined that Odd was not disabled, Odd's own primary care physician and neurologist provided mixed evidence about her condition, and only one of her treatment providers responded to inquiries from the independent reviewers. Further, the Plan did not impermissibly condition benefits "on the existence of evidence that cannot exist" by requiring objective confirmation of Odd's neck pain and headaches. *Salomaa*, 642 F.3d at 678. Odd offers no support for the contention that her condition is clinically undetectable. *Cf. id.* at 676–78 (discussing chronic fatigue syndrome).

**AFFIRMED.**